■ LAWRENCE JEHLE et al., Respondents, v ADAMS HOTEL ASSOCIATES et al., Defendants. (And a Third-Party Action.) TAYLOR BUSINESS INSTITUTE, Second Third-Party Plaintiff-Respondent, v HONEYWELL, INC., Second Third-Party Defendant-Appellant. [695 NYS2d 22] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about January 8, 1999, which, insofar as appealed from, denied second third-party defendant Honeywell's motion for summary judgment dismissing the first cause of action (contribution/indemnification) of the second third-party complaint, unanimously reversed, on the law, without costs, Honeywell's motion granted, and the cause of action dismissed.

Second third-party defendant-appellant Honeywell and second third-party plaintiff-respondent Taylor Business Institute had a service agreement for the maintenance and repair of Taylor's air conditioning units. Plaintiff Lawrence Jehle was employed by Honeywell as an air conditioning serviceman.

On the day of the accident, Jehle was working on an air conditioner at Taylor's premises. He was correcting the airflow, replacing the filters, cleaning the coil, replacing a broken belt and adjusting a worn pulley. There was a three-foot-square hole in the metal decking surrounding the air conditioning unit. Jehle had seen and stepped over this hole numerous times during the several years he had been servicing the unit. However, on this occasion, when he stepped over the hole, the corrugated metal floor around the hole buckled, causing him to fall into the hole.

Jehle sued the owners of the building under Labor Law § 240 (1) on the theory that he was performing a repair of the building. He also alleged negligence under Labor Law § 200. The owners commenced a third-party action against Taylor, the lessee of the premises, invoking a contractual duty of indemnification and claiming that Taylor was actually responsible for the hazard. Taylor then commenced the second third-party action against Honeywell. The first cause of action in Taylor's com-

plaint (the only one at issue here) sought contribution or indemnification from Honeywell.

Honeywell moved for summary judgment dismissing this cause of action. First, it argued that Labor Law § 240 (1) was inapplicable because Jehle was merely performing routine maintenance, not renovation. Second, it argued that it had no liability for any violation of Labor Law § 200 because the accident was caused by a latent defect in the floor, which was Taylor's responsibility. The IAS Court erred in denying this motion.

To maintain a claim for contribution, Taylor must show that Honeywell contributed to Jehle's alleged injuries by breaching a duty either to Jehle or to Taylor (*Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.*, 109 AD2d 449, 454). Accordingly, if the injured party's underlying complaint fails to state a cause of action, there is no basis for a contribution claim. Labor Law § 240 (1) does not apply to routine maintenance that is not done in the context of construction or renovation work (*Koch v E.C.H. Holding Corp.*, 248 AD2d 510, 511, *lv denied* 92 NY2d 811). Case law indicates that replacement of parts that wear out routinely should be considered maintenance, outside the purview of Labor Law § 240 (1) (*Rowlett v Great S. Bay Assocs.*, 237 AD2d 183, 184, *lv denied* 90 NY2d 809 [statute does not cover replacing broken electrical switch on air conditioning unit]), as opposed to replacement of non-functioning components of a building or structure (*Holka v Mt. Mercy Academy*, 221 AD2d 949, *lv dismissed* 87 NY2d 1055 [statute covers removal of broken motor from ventilation system on building roof]). As in *Rowlett*, Jehle's tasks on the day of the accident merely involved replacing or repairing relatively small components that suffered from normal wear and tear, not major structural work. Thus, Honeywell has no liability under Labor Law § 240 (1).

Nor is Honeywell responsible for contribution or indemnification for any violation of Labor Law § 200. This statutory section, which codifies the common-law duty to provide a safe workplace, applies to owners and contractors who exercised control or supervision over the work and had actual or constructive notice of the unsafe condition (*Freitas v New York City Tr. Auth.*, 249 AD2d 184, 186). As it had no control over the condition of the floor where Jehle worked, and no notice of any latent defect that caused the floor around the hole to collapse, there is no basis for requiring Honeywell to provide contribution or indemnification to any of the other defendants who might be found liable under Labor Law § 200 (*Nowak v Smith*

& *Mahoney*, 110 AD2d 288, 289). Furthermore, the service contract between Taylor and Honeywell obligated Taylor to provide reasonable means of access to the equipment that would be serviced by Honeywell's workers. Taylor's speculations that Honeywell created the defect are without evidentiary support and cannot suffice to defeat summary judgment (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 325). Concur—Rosenberger, J. P., Williams, Tom, Wallach and Buckley, JJ.