■ SALVATORE DIBENEDETTO et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. [742 NYS2d 207] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 12, 2000, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's common-law negligence claim was properly dismissed since there was no evidence that defendants had actual or constructive notice of a defective or dangerous condition that caused his fall from the fender of a crane (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 838).

Although we agree with plaintiff that he was not merely a volunteer but an employee within the terms of the Labor Law (*see, Daniello v Holy Name Church*, 286 AD2d 268, 269; *Smith v Torre*, 247 AD2d 896; *cf., Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 577), his Labor Law § 200 claim fails because the evidence is insufficient to raise a triable issue as to whether defendants exercised control or supervision over his work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876; *Dilena v Irving Reisman Irrevocable Trust*, 263 AD2d 375; *Buccini v 1568 Broadway Assoc.*, 250 AD2d 466, 468-469). Plaintiff's Labor Law § 240 (1) and § 241 (6) claims were properly dismissed since he was not engaged in "construction work" when he fell (*see, Agli v Turner Constr. Co.*, 246 AD2d 16, 24; *Dilena v Irving Reisman Irrevocable Trust, supra*; *Phillips v City of New York*, 228 AD2d 570, 571). Plaintiff's work did not involve "making a *significant* physical change to the configuration or composition of the building or structure" (*Weininger v Hagedorn & Co.*, 91 NY2d 958, 960), but rather, by plaintiff's own account, was a simple activity, involving the removal of two bolts and replacement of a part, and taking no longer than 30 minutes (*see, Jehle v Adams Hotel*, 264 AD2d 354, 355). The crane was operational before and after replacement of the part. The dismissal of plaintiff's Labor Law § 240 (1) claim is sustainable on the separate ground that plaintiff was not subject to an elevation-related risk within the meaning of that statute (*Bond v York Hunter Constr.*, 95 NY2d 883, 885, citing *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514-515). Concur—Mazzarelli, J.P., Saxe, Sullivan and Wallach, JJ.