■ FELIPE AREVALO, Appellant, v NASDAQ STOCK MARKET, INC., et al., Respondents. (And a Third-Party Action.) [813 NYS2d 383]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered April 13, 2005, which, in an action for personal injuries sustained when plaintiff worker fell off a ladder while working on defendant tenant's electric sign attached to the side of defendant owner's building, insofar as appealed from as limited by the briefs, granted defendants' motions for summary

judgment dismissing plaintiff's cause of action under Labor Law § 240 (1), and bringing up for review an order, same court and Justice, entered November 7, 2005, which granted plaintiff's motion to renew and, upon renewal, adhered to the April 13, 2005 order, unanimously affirmed, without costs.

Plaintiff fell off the ladder while attempting to reach a part of the sign that was dark. His work was undertaken pursuant to a contract under which his employer had agreed to "inspect and maintain" the sign, including daily inspections to ensure operation at 100% capacity and immediate repair of "any malfunction of the sign's operation." Plaintiff testified that he had been to the sign approximately 40 times during the 18 months of his employment, and on each occasion had used the same interior ladder without incident. He further testified that had he not fallen, he would have replaced the power supply box on the sign with a new power supply box measuring about 8 by 12 by 6 inches, as he had done on at least 10 occasions, the last being a week or two before the accident.

The Labor Law § 240 (1) claim was properly dismissed on the ground that plaintiff was engaged in routine maintenance of the sign and not its repair. Work that involves only component replacement in the course of normal wear and tear is considered routine maintenance and not "repairing" within the meaning of the statute (*see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004] [replacing cable junction box bolted to exterior wall rendered defective by rain water seepage], citing *Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526 [2003] [replacing worn out components of air conditioning unit during monthly maintenance check]; *Smith v Shell Oil Co.*, 85 NY2d 1000, 1002 [1995] [replacing burnt-out lightbulb in sign]; *Jehle v Adams Hotel Assoc.*, 264 AD2d 354, 355 [1999] [replacing small air conditioning components that suffered from wear and tear]). Although plaintiff testified that there was ongoing construction at the sign and that his employer was in the process of replacing an entire side of the sign, he was not engaged in this construction work at the time of the accident. His testimony was that he was sent by his supervisor to fix the dark area of the sign. Plaintiff's claim in his affidavit in opposition that he was performing "emergency" work was conclusory and contradicts not only the plain implication of his deposition testimony that the work was routine (*see Lupinsky v Windham Constr. Corp*, 293 AD2d 317, 318 [2002]), but also his employer's records showing that power supply outages were a recurring problem. Concur—Sullivan, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.