■ FREDDI CORDERO, Respondent-Appellant, v SL GREEN REALTY CORP. et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. CITY STORE GATES MGF. CORP. et al., Third-Party Defendants-Appellants-Respondents. [831 NYS2d 145]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered June 26, 2006, which, inter alia, denied defendants' and third-party defendants' motions for summary judgment dismissing plaintiff's causes of action under Labor Law § 240 (1) and § 241 (6), and denied plaintiff's cross motion for summary judgment on the issue of liability under Labor Law § 240 (1), unanimously modified, on the law, to grant defendants' and third-party defendants' motions for summary judgment dismissal, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff's work replacing metal worn-out slats in a roll-down motorized security gate that had been fully installed and operational for years amounted to component replacement in the course of normal wear and tear, i.e., routine maintenance not covered by Labor Law § 240 (1) (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]; *Arevalo v Nasdaq Stock Mkt., Inc.*, 28 AD3d 242, 243 [2006]). Nor does plaintiff have a claim under Labor Law § 241 (6), which applies only in construction, demolition or excavation contexts (*see Esposito*, 1 NY3d at 528; *Maes v 408 W. 39 LLC*, 24 AD3d 298, 300-301 [2005], *lv denied* 7 NY3d 716 [2006]). Concur—Tom, J.P., Sullivan, Nardelli, Gonzalez and Malone, JJ.