■ ABUL KAYLAM AZAD et al., Respondents, v 270 5TH REALTY CORP. et al., Appellants. [848 NYS2d 688]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated March 14, 2007, which granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on their causes of action pursuant to Labor Law § 240 (1) and § 241 (6), and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on their causes of action pursuant to Labor Law § 240 (1) and § 241 (6) are denied and the defendants' cross motion for summary judgment dismissing the complaint is granted.

The defendant 270 5th Realty Corp. (hereinafter Realty), the

owner of an apartment building in Brooklyn, hired the plaintiff Abul Kaylam Azad to patch two holes in a gutter pipe, which a small animal had used to burrow itself into the building. While inspecting the job site the day prior to commencing work, Azad noticed that there were discarded food and garbage bags scattered along the sidewalk adjacent to the apartment building. At that time, he asked the building's superintendent to clear the sidewalk so that he could complete the job safely. When Azad returned the following day, the garbage was still on the sidewalk. He contacted the superintendent, who told him he would be there shortly. Nonetheless, after 30 minutes had passed and the superintendent had not arrived, Azad began working. In order to reach the holes in the gutter pipe, Azad placed the base of an extension ladder on top of some of the garbage covering the adjacent sidewalk and leaned the top end of the ladder against a fire escape ladder attached to the building. Standing 30 to 35 feet above ground with no one holding the extension ladder and nothing securing it, he completed his task by screwing metal sheets over the six-inch by six-inch holes, sealing the sheets with caulk, and then painting over them. After he had completed his work, Azad was descending the extension ladder when it shifted to the left, causing him to fall to the ground.

Initially, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the individual defendants Barry Lipsitz and Harriet Lipsitz, as those individuals were joined as defendants solely by virtue of their status as shareholders and officers of Realty, and there is no basis to pierce the corporate veil (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 142 [1993]; *Kok Choy Yeen v NWE Corp.*, 37 AD3d 547, 549-550 [2007]; *Collins v Studer*, 299 AD2d 386, 387 [2002]).

In addition, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Realty. That statute affords protection to those workers engaged in "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure." Here, Realty established its prima facie entitlement to judgment as a matter of law on this cause of action by demonstrating that Azad was not engaged in any of the activities protected by Labor Law § 240 (1), but rather, was merely performing "routine maintenance" (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *Cullen v Uptown Stor. Co.*, 268 AD2d 327 [2000]; *Czaska*

*v Lenn Lease*, 251 AD2d 965, 966 [1998]). The task did not involve major structural work, and Azad's attachment of metal sheets over the holes in the gutter pipe was in the nature of component replacement (*see Chizh v Hillside Campus Meadows Assoc., LLC*, 3 NY3d 664, 665 [2004]; *Anderson v Olympia & York Tower B Co.*, 14 AD3d 520, 521 [2005]; *DiBenedetto v Port Auth. of N.Y. & N.J.*, 293 AD2d 399 [2002]; *Jehle v Adams Hotel Assoc.*, 264 AD2d 354, 355 [1999]). Moreover, Azad was not retained to repair the gutter pipe because it was inoperable, but because an animal had used the holes in the pipe, which had developed in the course of normal wear and tear, to enter the building (*see Cordero v SL Green Realty Corp.*, 38 AD3d 202 [2007]; *Kirk v Outokumpu Am. Brass, Inc.*, 33 AD3d 1136, 1138 [2006]; *Goad v Southern Elec. Intl.*, 263 AD2d 654, 655 [1999]). In opposition to the defendants' showing in this regard, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court also should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against Realty, since they established their prima facie entitlement to judgment as a matter of law on that cause of action by proof that Azad's accident did not occur while performing "construction, excavation, or demolition" work (*see Nagel v D & R Realty Corp.*, 99 NY2d 98, 101-103 [2002]; *Cordero v SL Green Realty Corp.*, 38 AD3d at 202; *Martinez v Morris Ave. Equities*, 30 AD3d 264 [2006]; *Barbarito v County of Tompkins*, 22 AD3d 937, 940 [2005]; *DiBenedetto v Port Auth. of N.Y. & N.J.*, 293 AD2d at 399).

We note that the plaintiffs' brief does not respond to the arguments raised by the appellants with respect to the viability of the Labor Law § 200 cause of action or the common-law negligence cause of action. As the appellants correctly argue, and the plaintiffs' counsel conceded at oral argument, such causes of action were not viable. Labor Law § 200 is a codification of the common-law duty to provide workers with a safe work environment (*see Brown v Brause Plaza, LLC*, 19 AD3d 626, 628 [2005]; *Everitt v Nozkowski*, 285 AD2d 442, 443 [2001]). Where a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, an owner may be held liable in common-law negligence and under Labor Law § 200 if it had control over the work site and either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident (*see Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 707 [2007]; *cf. Scoppettone v ADJ Holding Corp.*, 41 AD3d 693, 694 [2007]).

Here, where the plaintiffs allege that Azad's injuries arose from a dangerous condition at the premises, Realty satisfied its prima facie burden establishing its entitlement to judgment as a matter of law in this regard by, inter alia, demonstrating that Azad purposefully placed the ladder on the very debris he claims caused the ladder to slip and that Azad's negligent placement of the ladder was the sole cause of the accident. In opposition, the plaintiffs' proof failed to raise an issue of fact. The plaintiffs failed to adequately explain why the minimal debris in question could not be moved in such a manner as to enable Azad to safely place the ladder on the sidewalk or why the ladder could not otherwise be properly and safely placed. Therefore, in this instance, the presence of the debris, whether or not it constituted a dangerous condition, was not the proximate cause of the accident. Accordingly, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against Realty. Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur.