■ DEAN LaGIUDICE et al., Appellants-Respondents, v SLEEPY'S INC., Respondent-Appellant. [890 NYS2d 564]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated

September 11, 2008, as denied their cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and granted that branch of the defendant's motion which was for summary judgment dismissing that cause of action, and the defendant cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and, in effect, denied that branch of its motion which was for summary judgment dismissing the cause of action alleging common-law negligence.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, the plaintiffs' cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is granted, that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) is denied, and those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 are granted.

The plaintiff Dean LaGiudice (hereinafter LaGiudice) allegedly was injured when he fell while descending a six-foot tall A-frame ladder after installing an electrical exit sign at the defendant's store. At his deposition, LaGiudice testified that, as he stepped down from the third rung to the second rung, the ladder shifted. LaGiudice further testified that he fell from the ladder and, while on the floor, saw that the entrance rug on which he had positioned the ladder was "up."

LaGiudice and his wife, suing derivatively, commenced this action against the defendant, asserting causes of action alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 240 (1). The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action and denied the plaintiffs' cross motion for summary judgment on the issue of liability on that cause of action, concluding that LaGiudice was engaged in routine maintenance, and not an activity covered by Labor Law § 240 (1). The court denied that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 200 cause of action and, in effect, denied that branch of its motion which was for summary judgment dismissing the cause of action alleging common-law negligence.

"While the reach of section 240 (1) is not limited to work performed on actual construction sites, the task in which an

injured employee was engaged must have been performed during the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (*Martinez v City of New York*, 93 NY2d 322, 326 [1999] [citation and internal quotation marks omitted]; *see Holler v City of New York*, 38 AD3d 606, 607 [2007]). " '[A]ltering' within the meaning of Labor Law § 240 (1) requires making a *significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow*, 91 NY2d 457, 465 [1998]; *see Holler v City of New York*, 38 AD3d at 607). Tasks comprising "routine maintenance" are not protected under the statute (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *Azad v 270 5th Realty Corp.*, 46 AD3d 728, 729-730 [2007]). Here, deposition testimony established that LaGiudice had been assigned to install one or more electrical exit signs. LaGiudice stated that, to accomplish his task, he had to pull the electrical cable to or through the ceiling, drill cinder blocks, open up the electrical panels, and possibly cut part of the ceiling splines. Under these facts, LaGiudice was engaged in a task protected by the statute (*see Joblon v Solow*, 91 NY2d 457 [1998]; *Weininger v Hagedorn & Co.*, 91 NY2d 958 [1998]; *cf. Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526 [2003]; *Smith v Shell Oil Co.*, 85 NY2d 1000 [1995]).

Moreover, LaGiudice made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240 (1) cause of action through his deposition testimony, which demonstrated that the ladder on which he was working moved for no apparent reason, causing him to fall (*see Razzak v NHS Community Dev. Corp.*, 63 AD3d 708, 709 [2009]; *Mingo v Lebedowicz*, 57 AD3d 491, 493 [2008]; *Gilhooly v Dormitory Auth. of State of N.Y.*, 51 AD3d 719, 720 [2008]; *Hanna v Gellman*, 29 AD3d 953, 954 [2006]). In opposition, the defendant failed to raise a triable issue of fact (*see Ricciardi v Bernard Janowitz Constr. Corp.*, 49 AD3d 624, 625 [2008]; *Argueta v Pomona Panorama Estates, Ltd.*, 39 AD3d 785, 786 [2007]). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action and granted the plaintiffs' cross motion for summary judgment on the issue of liability on that cause of action.

Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]; *Lombardi v Stout*, 80 NY2d 290, 294-295 [1992]; *Chowdhury v Rodriguez*, 57 AD3d

121, 127-128 [2008]). Cases involving Labor Law § 200 generally fall into two categories: those where workers were injured as a result of dangerous or defective conditions at a work site and those involving the manner in which the work was performed (*see Chowdhury v Rodriguez*, 57 AD3d at 128; *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Where a premises condition is at issue, a property owner is liable under Labor Law § 200 when the owner created the dangerous condition causing an injury or when the owner failed to remedy a dangerous or defective condition of which he or she had actual or constructive notice (*see Chowdhury v Rodriguez*, 57 AD3d at 128; *Ortega v Puccia*, 57 AD3d at 61; *Azad v 270 5th Realty Corp.*, 46 AD3d at 730). Where a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that she or he had the authority to supervise or control the performance of the work (*see Ortega v Puccia*, 57 AD3d at 61; *Dooley v Peerless Importers, Inc.*, 42 AD3d 199, 204 [2007]). To the extent that the plaintiff's common-law negligence and Labor Law § 200 causes of action are based on the allegedly defective condition or placement of the rug, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of a dangerous or defective condition. To the extent that those causes of action are based on the defective condition or inadequacy of the ladder, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have authority to supervise or control the performance of the work (*see McFadden v Lee*, 62 AD3d 966, 967-968 [2009]; *Ortega v Puccia*, 57 AD3d at 63). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Ortega v Puccia*, 57 AD3d at 63). Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.