■ ROGER MARTINEZ, Appellant, v ROBERT BAUER et al., Respondents. [994 NYS2d 117]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 8, 2013, which, insofar as appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims, unanimously affirmed, without costs.

Plaintiff Roger Martinez sustained injuries while delivering a custom made desk/hutch to defendants Yitzcho Abowitz and Shoshana Abowitz's apartment when the rope that was hoisting a piece of the furniture broke, causing the furniture piece to fall on him. He commenced this action alleging violation of Labor Law §§ 240 (1) and 241 (6).

The court properly dismissed the Labor Law § 240 (1) claim. Defendants' deposition testimony showing that the furniture unit was freestanding and not secured to the wall in any way established prima facie that plaintiff was not engaged in "altering" of a building under the statute; plaintiff failed to raise a triable issue of fact sufficient to defeat summary judgment. His deposition testimony shows at most only that the unit was to be anchored to the wall to prevent it from falling. Even if true, such would not result in a significant physical change to the configuration or composition of the building (*see Joblon v Solow*, 91 NY2d 457, 465 [1998]; *Acosta v Banco Popular*, 308 AD2d 48, 50-51 [1st Dept 2003]). Plaintiff's argument that the invoice described the unit as "built-in" is unavailing, as it is based on his unilateral and self-serving interpretation of the term. Indeed, he did not submit any proof rebutting his employer's testimony that the unit was freestanding and that the term "built in" meant something different in his employer's native language.

The Labor Law § 241 (6) claim was properly dismissed, as plaintiff's accident did not occur in connection with construction, demolition, or excavation work (*see Nagel v D & R Realty Corp.*, 99 NY2d 98, 101-103 [2002]; *Maes v 408 W. 39 LLC*, 24 AD3d 298, 300-301 [1st Dept 2005], *lv denied* 7 NY3d 716 [2006]).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick, Andrias and Clark, JJ.