Villada v 452 Fifth Owners, LLC (2020 NY Slip Op 07121)





Villada v 452 Fifth Owners, LLC


2020 NY Slip Op 07121


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2017-01063
 (Index No. 25332/12)

[*1]Carlos Villada, plaintiff-respondent, 
v
452 Fifth Owners, LLC, appellant-respondent, CBRE, Inc., respondent-appellant, TLM Group, LLC, defendant-respondent.


Downing & Peck, P.C., New York, NY (Michael P. McDermott and Marguerite Peck of counsel), for appellant-respondent.
Pavlounis & Sfouggatakis, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 452 Fifth Owners, LLC, appeals, and the defendant CBRE, Inc., cross-appeals, from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered December 30, 2016. The order, insofar as appealed from, denied those branches of the motion of the defendant 452 Fifth Owners, LLC, which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200 insofar as asserted against it.
ORDERED that the cross appeal is deemed dismissed pursuant to 22 NYCRR 1250.10(a); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendant 452 Fifth Owners, LLC, which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200 insofar as asserted against it are granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant 452 Fifth Owners, LLC, payable by the plaintiff.
The plaintiff allegedly was injured while working on a roof demolition project at property owned by the defendant 452 Fifth Owners, LLC (hereinafter 452 Fifth). On the date of the accident, the plaintiff was pulling a wheeled dumpster loaded with debris up a plywood ramp. According to the plaintiff, the plywood moved and the dumpster tipped over onto the plaintiff.
The plaintiff commenced this action against, among others, 452 Fifth to recover damages for personal injuries, alleging, inter alia, common-law negligence and a violation of Labor Law § 200. Thereafter, 452 Fifth moved, among other things, for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. The Supreme Court denied those branches of 452 Fifth's motion, and 452 Fifth appeals.
Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 503; Lombardi v Stout, 80 NY2d 290, 294-295; Chowdhury v Rodriguez, 57 AD3d 121, 127-128). Cases involving Labor Law § 200 generally fall into two categories: those where workers were injured as a result of dangerous or defective conditions at a worksite and those involving the manner in which the work was performed (see Chowdhury v Rodriguez, 57 AD3d at 128; Ortega v Puccia, 57 AD3d 54, 61). Where a premises condition is at issue, a property owner is liable under Labor Law § 200 when the owner created the dangerous condition causing an injury or when the owner failed to remedy a dangerous or defective condition of which he or she had actual or constructive notice (see Chowdhury v Rodriguez, 57 AD3d at 128; Ortega v Puccia, 57 AD3d at 61; Azad v 270 5th Realty Corp., 46 AD3d 728, 730). Where a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that she or he had the authority to supervise or control the performance of the work (see Ortega v Puccia, 57 AD3d at 61).
Here, to the extent that the common-law negligence and Labor Law § 200 causes of action are based on the allegedly defective condition of the ramp, 452 Fifth established, prima facie, that it did not create or have actual or constructive notice of the dangerous condition that allegedly caused the accident (see Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d 1253, 1259; LaGiudice v Sleepy's Inc., 67 AD3d 969, 972). To the extent that those causes of action are based on the alleged dangers in the methods or materials of the work, 452 Fifth established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have the authority to supervise or control the performance of the work (see LaGiudice v Sleepy's Inc., 67 AD3d at 972; Ortega v Puccia, 57 AD3d at 63).
The plaintiff did not oppose those branches of 452 Fifth's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. The plaintiff's contentions regarding those branches of the motion are therefore improperly raised for the first time on appeal and have not been considered (see JP Morgan Chase Bank v Faracco, 167 AD3d 586, 587; Matter of Matarrese v New York City Health & Hosps. Corp., 247 AD2d 475).
We decline to consider the plaintiff's contention that this Court should search the record and award him summary judgment on the cause of action alleging a violation of Labor Law § 240(1), as he could have raised that issue on his appeal from the order entered December 30, 2016, which was dismissed for lack of prosecution (see Bray v Cox, 38 NY2d 350, 353).
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court