Khan v Khan (2021 NY Slip Op 04970)





Khan v Khan


2021 NY Slip Op 04970


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-10173
 (Index No. 454/15)

[*1]Nazia Khan, etc., appellant,
v
Zafar Khan, respondent.


Krentsel & Guzman, LLP, New York, NY (Marcia K. Raicus of counsel), for appellant.
Fishman & Tynan, Merrick, NY (John Fishman of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Anna Anzalone, J.), entered July 13, 2018. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint, and denied that branch of the plaintiff's motion which was for leave to renew and reargue her opposition to that branch of the defendant's prior cross motion which was to preclude the plaintiff from introducing at trial any evidence or testimony regarding or from expert Steven Wagner, which had been granted in an order of the same court dated November 27, 2017.
ORDERED that the appeal from so much of the order entered July 13, 2018, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered July 13, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On December 28, 2012, Luqman F. Ahmad (hereinafter the decedent) allegedly was injured when he fell from the roof of a house owned by the defendant while cleaning the gutters. The decedent subsequently died on January 18, 2013. Thereafter, the plaintiff, the administrator of the decedent's estate and the mother of his children, commenced this action against the defendant alleging, inter alia, causes of action to recover damages for violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. In her supplemental bill of particulars, the plaintiff alleged that the decedent fell from the roof due to the presence of slippery moss.
The defendant cross-moved, inter alia, pursuant to CPLR 3126(2) to preclude the plaintiff's expert Steven Wagner from testifying at trial, arguing that the plaintiff had failed to comply with discovery orders concerning expert disclosure. In an order dated November 27, 2017, the Supreme Court granted that branch of the defendant's cross motion which was to preclude the plaintiff from introducing at trial any evidence or testimony regarding or from expert Steven Wagner.
Thereafter, the defendant moved for summary judgment dismissing the complaint . In addition to opposing the defendants' motion, the plaintiff moved, inter alia, for leave to renew her opposition to that branch of the defendant's prior cross motion which was for preclusion. In an order entered July 13, 2018, the Supreme Court granted the defendant's motion and denied the plaintiff's motion. The plaintiffs appeal.
"Owners of one- or two-family dwellings are exempt from liability under both Labor Law §§ 240(1) and 241(6) unless they directed or controlled the work being performed" (Salgado v Rubin, 183 AD3d 617, 618; see Abdou v Rampaul, 147 AD3d 885, 885-886; Chowdhury v Rodriguez, 57 AD3d 121, 128). "'The homeowner's exemption was enacted to protect owners of one- and two-family dwellings who are not in a position to realize, understand, and insure against the responsibilities of strict liability imposed by Labor Law §§ 240(1) and 241(6)'" (Abdou v Rampaul, 147 AD3d at 886, quoting Ramirez v I.G.C. Wall Sys., Inc., 140 AD3d 1047, 1048). "The expressed and unambiguous language of [Labor Law §§ 240(1) and 241(6)] focuses upon whether the defendant[ ] supervised the methods and manner of the work" (Chowdhury v Rodriguez, 57 AD3d at 127). Here, the defendant made a prima facie showing that he was the owner of a one-family dwelling and that he did not direct or control the work being performed (see Campanello v Cinquemani, 179 AD3d 763, 764; Abdou v Rampaul, 147 AD3d at 886). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (see Campanello v Cinquemani, 179 AD3d at 764).
"Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502). Causes of action alleging Labor Law § 200 violations generally involve either cases where a worker was injured as a result of a dangerous or defective condition at the worksite or as a result of the means and methods by which the work was performed (see Villada v 452 Fifth Owners, LLC, 188 AD3d 1292, 1293; Ortega v Puccia, 57 AD3d at 61). "Where a premises condition is at issue, a property owner is liable under Labor Law § 200 when the owner created the dangerous condition causing an injury or when the owner failed to remedy a dangerous or defective condition of which he or she had actual or constructive notice" (Villada v 452 Fifth Owners, LLC, 188 AD3d at 1294; see Ortega v Puccia, 57 AD3d at 61). Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action by demonstrating that he did not create or have actual or constructive notice of the allegedly dangerous condition on the roof (see Villada v 452 Fifth Owners, LLC, 188 AD3d at 1294; LaGiudice v Sleepy's Inc., 67 AD3d 969, 972). In opposition, the plaintiff failed to raise a triable issue of fact (see LaGiudice v Sleepy's Inc., 67 AD3d at 972).
Moreover, the plaintiffs failed to offer any new facts not offered in opposition to the defendant's prior motion that would have changed the prior determination (see CPLR 2221[e][2]; Cesarz v O'Reilly, 194 AD3d 1007, 1008; Pirri-Logan v Pearl, 192 AD3d 1149, 1152; Unkechaug Indian Nation v Treadwell, 192 AD3d 729, 734).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and properly denied that branch of the plaintiff's motion which was for leave to renew.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court