**Sicurella v LCOR Asset Mgt. L.P.**

2025 NY Slip Op 32104(U)

June 12, 2025

Supreme Court, New York County

Docket Number: Index No. 161470/2019

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. MARY V. ROSADO** | PART **33M** |
| *Justice* | |

-------------------------------------------------------------------X

GUY SICURELLA

                       Plaintiff,

            - v -

LCOR ASSET MANAGEMENT LIMITED PARTNERSHIP,

                   Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161470/2019 |
| MOTION DATE | 07/22/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59

were read on this motion to/for                    **JUDGMENT - SUMMARY**         .

      Upon the foregoing documents, and after a final submission date of April 8, 2025, Defendant LCOR Asset Management Limited Partnership's ("LCOR Asset Management" or "Defendant") motion for summary judgment dismissing Plaintiff's Complaint is granted in part and denied in part.

## I.     Background

      On June 3, 2017, Plaintiff, a mechanic working for non-party LCOR, Inc., at 26 Federal Plaza, New York, New York (the "Building"), was monitoring the water level in a water tank located on the 16th floor as part of a semi-annual generator test (NYSCEF Doc. 38 at 44-45). To monitor the water tank, Plaintiff climbed a ladder, to the top of the tank, and checked the water level with a flashlight (NYSCEF Doc. 38 at 54). Plaintiff was descending the ladder from the top of the water tank when he lost his footing and fell (NYSCEF Doc. 38 at 94).

      Seth Landau, the general counsel for both LCOR, Inc. and Defendant, testified that LCOR, Inc. employs individuals, such as Plaintiff, and Defendant provided property management at the

**161470/2019   SICURELLA, GUY vs. LCOR ASSET MANAGEMENT**
Motion No. 002

Page 1 of 5

Building where Plaintiff was injured (NYSCEF Doc. 39 at 19 and 41 at 15). Defendant now seeks summary judgment dismissing Plaintiff's Complaint.

## II. Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

### B. Labor Law § 240(1)

Defendant's motion to dismiss Plaintiff's Labor Law § 240(1) claim is granted. Routine maintenance is not the type of activity protected under Labor Law § 240(1) (*Soto v J. Crew Inc.*, 95 AD3d 721 [1st Dept 2012]). The First Department has instructed courts, in determining whether an activity is routine maintenance, to consider "whether the work in question was occasioned by an isolated event as opposed to a recurring condition" (*Dos Santos v Consolidated Edison of New York, Inc.*, 104 AD3d 606, 607 [1st Dept 2013]). Here, the activity Plaintiff was engaged in – namely monitoring a water tank, was routine maintenance occasioned by a recurring, semi-annual generator test (*Arevalo v Nasdaq Stock Market, Inc.*, 28 AD3d 242, 243 [1st Dept 2006]). This was not an emergency repair that Plaintiff was called to take part in but part of planned, recurring maintenance that took place twice a year over numerous years (*see, e.g. Cordero v SL Green Realty*

**161470/2019 SICURELLA, GUY vs. LCOR ASSET MANAGEMENT**
Motion No. 002

Page 2 of 5

*Corp.*, 38 AD3d 202 [1st Dept 2007] citing *Abbatiello v Lancaster Studio Associates*, 3 NY3d 46, 53 [2004]). The Court of Appeals has held in such situations, a plaintiff's injuries do not fall within the purview of Labor Law § 240(1) (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *see also Banner v Rockland Home for the Aged Hous. Dev. Fund Co., Inc.*, 129 AD3d 641, 642 [1st Dept 2015]). Therefore, Plaintiff's Labor Law § 240(1) claim is dismissed (*Caban v 1691 Fulton Ave. Hous. Dev. Fund Corp.*, 200 AD3d 593 [1st Dept 2021]; *Monaghan v 540 Inv. Land Co. LLC*, 66 AD3d 605 [1st Dept 2009]).

### C. Labor Law § 241(6)

Defendant's motion to dismiss Plaintiff's Labor Law § 241(6) claim is granted. For the same reason Plaintiff's work does not fall within the extraordinary protections of Labor Law § 240(1), his monitoring of the water tank likewise does not fall within the protections of Labor Law § 241(6). For this section to apply, a plaintiff's injuries must occur within the context of construction, demolition, or excavation (*Nagel v D & R Realty Corp.*, 99 NY2d 98, 103 [2002]). However, Plaintiff was not engaged in any of those enumerated activities and was simply monitoring water levels in a water tank while a routine generator test was underway (*see, e.g. Toro v Plaza Const. Corp.*, 82 AD3d 505, 505-06 [1st Dept 2011]; *Rajkumar v Budd Contracting Corp.*, 77 AD3d 595 [1st Dept 2010]). Therefore, Plaintiff's Labor Law § 241(6) claim is dismissed (*see also Castaneda v Amsterco 67, LLC*, 220 AD3d 406, 406 [1st Dept 2023]; *Martinez v Bauer*, 121 AD3d 495, 496 [1st Dept 2014]).

### D. Labor Law § 200 and Common Law Negligence

Defendant's motion to dismiss Plaintiff's Labor Law § 200 claim is denied. As a preliminary matter, Defendant is a proper Labor Law defendant, as multiple witnesses testified that Defendant served as an agent for the Building owner (*see, e.g. Kittelstad v Losco Group, Inc.*,

**161470/2019 SICURELLA, GUY vs. LCOR ASSET MANAGEMENT**
**Motion No. 002**

**Page 3 of 5**

[* 3]

92 AD3d 612, 612-13 [1st Dept 2012]). Plaintiff alleges his injury was caused by the lack of lighting provided on the 16th floor of the Building where he monitored the water tank. Although he had a flashlight, he could not use the flashlight to navigate the darkness effectively when he was using both hands to use the ladder attached to the water tank. Jorge Berg, a manager for LCOR, testified at the time of Plaintiff's accident, the room of the water tank did not have flood lights.

A jury could reasonably find that Defendant had constructive notice of the darkness of the room where Plaintiff fell, as the generator test occurred on a semi-annual basis, and each time the test occurred the lights in the water tank room were turned off along with the electricity to the rest of the building. Therefore, triable issues of fact as to whether Defendant knew about the darkness, and whether it caused Plaintiff's fall, preclude dismissal of Plaintiff's Labor Law § 200 and common law negligence claims (*see also McKinney v Empire State Dev. Corp.*, 217 AD3d 574, 575-76 [1st Dept 2023]). Therefore, Defendant's motion for summary judgment dismissing these claims is denied (*see also Sinai v Luna Park Housing Corp.*, 209 AD3d 600, 601 [1st Dept 2022]).

Accordingly, it is hereby,

ORDERED that Defendant's motion for summary judgment dismissing Plaintiff's Complaint is granted in part, and Plaintiff's Labor Law §§ 240(1) and 241(6) claims are dismissed; and it is further

ORDERED that Defendant's motion for summary judgment dismissing Plaintiff's Labor Law § 200 and common law negligence claims is denied; and it is further

*[The remainder of this page is intentionally left blank.]*

**161470/2019  SICURELLA, GUY vs. LCOR ASSET MANAGEMENT**
**Motion No.  002**

**Page 4 of 5**

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this

Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/12/2025 | | _Mary V Rosado JSC_ |
| --- | --- | --- |
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| --- | --- | --- | --- |
| | ☐ GRANTED  ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**161470/2019   SICURELLA, GUY vs. LCOR ASSET MANAGEMENT**
**Motion No.  002**

Page 5 of 5

5 of 5