[762 NYS2d 64]

Hernando Acosta, Respondent, v Banco Popular et al., Appellants. (And a Third-Party Action.)

First Department, June 26, 2003

**APPEARANCES OF COUNSEL**

*Robert T. Sylvan* of counsel (*William J. Bendix*, attorney), for respondent.

*Rose M. Cotter* of counsel (*Heath A. Bender* on the brief; *Eustace & Marquez*, attorneys), for appellants.

## OPINION OF THE COURT

SULLIVAN, J.

Plaintiff, a field technician employed by International Security Design, Ltd., sues to recover for injuries sustained when he fell from a ladder while he was installing a key box, which was to be used to store a duplicate key, on the wall of a vault room at one of defendant Banco Popular's branches. The record shows that there was no ongoing renovation or construction at the bank at the time. On the day in question, plaintiff's assignment was to service the vault, inspect the time clocks, check the operation of the vault door to assure that it opened and closed properly and determine whether new cables or relockers were needed. Plaintiff would have started working on the vault "but [he] was first asked to install the key box."

The vault room had a ceiling approximately 10 feet high. The key box was about two feet square. In his deposition, plaintiff testified that a bank assistant, present in the vault room for security reasons, asked him to install the box as "close to the ceiling as possible[,] * * * high above one's head level." Since this was "one of those rare situations" where a ladder was needed for his work, the bank assistant provided him with a four-foot aluminum A-frame.

According to plaintiff, the assistant placed the ladder in position; plaintiff moved it about a foot. The floor appeared level. It was not slippery. While the legs were not braced, nothing about the ladder appeared amiss. Plaintiff climbed the ladder to the second step from the top and stood facing the wall. The ladder felt stable as plaintiff held a level and a pencil, ready to make his markings on the wall. Plaintiff planned to drill six holes, one inch deep, into the wall with a drill hammer and a chipping hammer, and mount and bolt the box, which weighed approximately "a pound or a pound and a half, the most two." As plaintiff was getting ready to mark the wall, before any drilling or insertions, the ladder "turned" and "twisted" to the right, causing him to fall forward and over the top of the ladder.

After joinder of issue, the bank moved for partial summary judgment, seeking dismissal of plaintiff's Labor Law §§ 200, 240 (1) and § 241 (6) claims. In denying the motion, Supreme Court found that, as to the Labor Law § 200 claim, there existed a material issue of fact as to whether the bank directed or supervised plaintiff's work and had notice, actual or

constructive, of a defect in the ladder. As for the Labor Law § 240 (1) and § 241 (6) claims, the court rejected the bank's argument that plaintiff was not performing a protected activity, but, instead, was engaged in routine maintenance, i.e., the hanging of a duplicate key box on the wall. While we agree with the motion court's disposition of the Labor Law § 200 claim, we find, as a matter of law, that plaintiff was not performing work that was protected by Labor Law § 240 (1) and § 241 (6) and therefore dismiss those claims.

As the bank correctly points out, to be entitled to the protection of Labor Law § 240 (1), plaintiff had to be engaged in a protected activity, i.e., "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure." Similarly, Labor Law § 241 (6) only affords protection to the class of workers engaged in "constructing or demolishing buildings * * * [in] areas in which construction, excavation or demolition work is being performed." Plaintiff argues that plaintiff's work constituted the "altering" of a building or structure, at least with respect to Labor Law § 240 (1), which imposes a duty on contractors and owners to furnish safety devices for workers engaged in the altering of a building or structure.

Within the meaning of Labor Law § 240 (1), "altering" requires "making a *significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow*, 91 NY2d 457, 465 [1998] [emphasis in original]; *Weininger v Hagedorn & Co.*, 91 NY2d 958 [1998]). In *Joblon*, the Court of Appeals held that an electrician who fell from a ladder while engaged in chopping a hole through a concrete block wall with a hammer and chisel, and then routing a pipe and wire through the hole to bring electrical power into the next room to support a wall clock, was performing an alteration or repair of a building or structure within the meaning of Labor Law § 240 (1). Similarly, *Weininger* involved the running of cable through a ceiling by accessing a series of holes in the ceiling and pulling the wiring through "canals." In concluding that such work involved the altering of a building or structure, the Court cited *Joblon*.

In *Joblon*, in considering whether the work performed by the plaintiff effected a significant physical change to the configuration or composition of the building, the Court, although conceding the closeness of the question, held:

> "Joblon did more than the routine act of standing on a ladder to hang a clock on a wall. Bringing an

electrical power supply capable of supporting the clock to the mail room, which required both extending the wiring within the utility room and chiseling a hole through a concrete wall so as to reach the mail room is more than a simple, routine activity and is significant enough to fall within the statute" (91 NY2d at 465).

Here, the work contemplated would not result in a significant physical change in the configuration or composition of the building (*cf. Panek v County of Albany*, 99 NY2d 452 [2003]).

Nor was the building's electrical power supply being rerouted. The work here is more akin to the hanging of a clock, which the Court of Appeals in *Joblon* rejected as constituting an alteration. That a four-pound drill had to be used (to create holes one inch deep), as well as a chip hammer weighing approximately 10 pounds, factors upon which plaintiff places great stress, does not change the obvious: the installation of the duplicate key box was part and parcel of routine maintenance, not an alteration of the building.

Plaintiff likewise was not involved in construction under Labor Law § 241 (6), which looks to the regulations contained in the Industrial Code to define what constitutes construction work under the statute (*Joblon v Solow* at 466). Although the Code defines construction work to include "work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures" in the definition of construction work (12 NYCRR 23-1.4 [b] [13]), the Court of Appeals has held that the protections afforded under Labor Law § 241 (6) are available only to those workers injured while involved in " 'construction' or 'excavation' work" (*Jock v Fien*, 80 NY2d 965, 968 [1992]). The Court of Appeals recently had occasion to note that "the protections of Labor Law § 241 (6) do not apply to claims arising out of maintenance of a building or structure outside of the construction context" (*Nagel v D & R Realty Corp.*, 99 NY2d 98, 99 [2002]).

Accordingly, the order of the Supreme Court, Bronx County (Janice Bowman, J.), entered on or about April 3, 2002, which, insofar as appealed from, denied defendants' motion for partial summary judgment dismissing the causes of action based on Labor Law §§ 200, 240 (1) and § 241 (6), should be modified, on the law, to grant defendants' motion to dismiss the Labor Law § 240 (1) and § 241 (6) claims and, except as thus modified, affirmed, without costs or disbursements.

ELLERIN, J. (dissenting in part). I would affirm the motion court's disposition of plaintiff's Labor Law § 240 (1) and § 241 (6) claims as well as his section 200 claim. To bolt a key box into place, plaintiff was going to drill six holes in the concrete wall of the vault room and embed in each hole a core rod four to five inches long. I find that this work would have caused a significant physical change to the building (*see Panek v County of Albany*, 99 NY2d 452, 458 [2003] [removing two air handlers affixed with bolts to an I-beam on a ceiling of an air traffic control tower caused a significant physical change to the tower]) and thus that the motion court correctly found that plaintiff was engaged in the alteration of a structure and not in routine maintenance (*see Joblon v Solow*, 91 NY2d 457 [1998]).

TOM, J.P., and MARLOW, J., concur with SULLIVAN, J.; ELLERIN and GONZALEZ, JJ., dissent in part in a separate opinion by ELLERIN, J.

Order, Supreme Court, Bronx County, entered on or about April 3, 2002, modified, on the law, to grant defendants' motion to dismiss the Labor Law § 240 (1) and § 241 (6) claims and, except as thus modified, affirmed, without costs or disbursements.