■ Nestor Rodriguez, Appellant, v 1-10 Industry Associates, LLC, et al., Respondents. [816 NYS2d 383]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated February 4, 2005, which denied his motion for summary judgment on the issue of liability on his claims pursuant to Labor Law § 240 (1) and § 241 (6), and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To assert an actionable claim under Labor Law § 240 (1), a plaintiff must establish that he or she was injured during "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]; *see Martinez v City of New York,* 93 NY2d 322, 326 [1999]). Here, as the Supreme Court correctly concluded, the defendants established their prima facie entitlement to summary judgment by submitting evidence in admissible form demonstrating that the plaintiff's injuries were not sustained while he engaged in enumerated activities covered under the statute (*see Vilardi v Berley,* 201 AD2d 641, 643 [1994]). The plaintiff allegedly was injured when he pulled an electrical cable from the ceiling of the premises. This activity did not result in "a significant phys-

ical change to the configuration or composition of the building or structure," as required to constitute "altering" under the statute (*see Joblon v Solow*, 91 NY2d 457, 465 [1998]). The plaintiff, in opposition, failed to raise a triable issue of fact. Consequently, the Supreme Court properly granted that branch of the defendants' cross motion which was to dismiss the plaintiff's claim under Labor Law § 240 (1).

The Supreme Court also properly granted summary judgment dismissing the plaintiff's Labor Law § 241 (6) claim. The accident did not arise from construction, excavation, or demolition work (*see* Labor Law § 241 [6]; *Jock v Fien*, 80 NY2d 965, 968 [1992]; *cf. Yong Ju Kim v Herbert Constr. Co.*, 275 AD2d 709, 711-712 [2000]). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. Crane, J.P., Goldstein, Luciano and Dillon, JJ., concur.