■ JOSEPH SCOTT HOLLER, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent. [832 NYS2d 86]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated October 21, 2005, as denied that branch of its motion which was for summary judgment dismissing the causes of action based on a violation of Labor Law § 240 (1), and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment on the issue of liability on his causes of action based on a violation of Labor Law § 240 (1) and granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action based on a violation of Labor Law § 241 (6).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the causes of action based on a violation of Labor Law § 240 (1), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

The plaintiff, a stagehand at the Brooklyn Academy of Music, allegedly was injured when he was struck by a falling object while preparing the theater for a new show. He commenced this action against the City of New York, as owner of the building, asserting, inter alia, causes of action based on violations of Labor Law § 240 (1) and § 241 (6). Upon completion of discovery, the City moved for summary judgment dismissing the complaint. The plaintiff cross-moved for summary judgment on the issue of liability on his causes of action based on a violation of Labor Law § 240 (1). The Supreme Court denied the plaintiff's cross

motion, denied that branch of the City's motion which was for summary judgment dismissing the Labor Law § 240 (1) causes of action, and granted, inter alia, that branch of the City's motion which was for summary judgment dismissing the causes of action based on a violation of Labor Law § 241 (6).

The Supreme Court erred in denying that branch of the City's motion which was to dismiss the causes of action based on Labor Law § 240 (1). "While the reach of [Labor Law § ] 240 (1) is not limited to work performed on actual construction sites . . . the task in which an injured employee was engaged must have been performed during 'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure' " (*Martinez v City of New York,* 93 NY2d 322, 326 [1999], quoting Labor Law § 240 [1]). " '[A]ltering' within the meaning of Labor Law § 240 (1) requires making a *significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow,* 91 NY2d 457, 465 [1998]; *see Acosta v Banco Popular,* 308 AD2d 48, 50 [2003]). Where the work does not involve a significant or permanent physical change, dismissal of a Labor Law § 240 (1) cause of action is appropriate (*see Kretzschmar v New York State Urban Dev. Corp.,* 13 AD3d 270 [2004]).

Here, the City established its prima facie entitlement to judgment as a matter of law by submitting evidence that the work being performed at the time of accident, i.e., assisting in the installation of a hoist motor for the lifting of scenery at a theater in preparation for a new show, was more in the nature of "routine maintenance" done outside of the context of construction work (*see Esposito v New York City Indus. Dev. Agency,* 1 NY3d 526, 528 [2003]; *Acosta v Banco Popular, supra; cf. Prats v Port Auth. of N.Y. & N.J.,* 100 NY2d 878, 882 [2003]) and involved no "*significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow, supra* at 465; *see Adair v Bestek Light. & Staging Corp.,* 298 AD2d 153, 153 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact.

Moreover, contrary to the plaintiff's contention, the Supreme Court properly granted summary judgment dismissing the plaintiff's causes of action based on a violation of Labor Law § 241 (6). In opposition to the City's prima facie showing that the accident did not arise from construction, excavation, or demolition work (*see* Labor Law § 241 [6]; *Esposito v New York City Indus. Dev. Agency, supra; Nagel v D & R Realty Corp.,* 99 NY2d 98, 103 [2002]; *Rodriguez v 1-10 Indus. Assoc., LLC,* 30 AD3d 576, 577 [2006], *lv denied* 7 NY3d 712 [2006]), the

plaintiff failed to raise a triable issue of fact. Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.