■ RONNIE ELLEN RAYMOND, Appellant, v MELOHN PROPERTIES, INC., et al., Defendants. THE 93RD STREET LLC, Nonparty Respondent. [851 NYS2d 17]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 20, 2007, which, insofar as appealed from, granted plaintiff's motion for leave to amend the complaint to add the 93rd Street LLC (93rd Street) as a defendant, but solely for causes of action predicated on damages arising in 2004, unanimously affirmed, with costs.

Plaintiff alleged that substantial damage was done to her condominium unit during the course of renovations performed on two units directly above her apartment in 2003 and 2004. Following the commencement of the action in 2005 against, inter alia, the managing agent of the building, defendant Melohn Properties, in 2007, plaintiff sought leave to amend the complaint to add 93rd Street as a defendant on the basis that she only recently learned that it was the owner/sponsor of the building. In permitting plaintiff to add 93rd Street as a defen-

dant, the court properly precluded plaintiff from asserting claims against 93rd Street for damages allegedly incurred in 2003 as they are time-barred (CPLR 214 [4]), and plaintiff did not sustain her burden of establishing the applicability of the relation-back doctrine (see Valmon v 4 M & M Corp., 291 AD2d 343 [2002], lv denied 98 NY2d 611 [2002]). Although Melohn and 93rd Street may share commonalities, including shareholders and officers, that in and of itself is not sufficient to establish that the two entities are united in interest. Indeed, Melohn and 93rd Street have different defenses to plaintiff's claims and their interests are not such that they will stand or fall together (see Xavier v RY Mgt. Co., Inc., 45 AD3d 677 [2007]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Lippman, P.J., Saxe, Nardelli, Williams and Moskowitz, JJ.