■ JOHN CAHN, Respondent-Appellant, v WARD TRUCKING, INC., Respondent, and TACONIC MANAGEMENT COMPANY, LLC, et al., Appellants-Respondents, et al., Defendants. (And a Third-Party Action.) J.T. FALK & COMPANY, LLC, Second Third-Party Plaintiff, v ATLANTIC COASTAL TRUCKING, INC., et al., Second Third-Party Defendants-Respondents. [890 NYS2d 530]—

Plaintiff alleges that, on March 12, 2003, as he was walking in the lobby of the building where he works, a large drum of chemical solution fell off a shipping pallet and struck his leg, injuring him. Plaintiff commenced this action in April 2004, asserting claims in negligence against, inter alia, Taconic, the building's owner, and Ward, the company that plaintiff believed had delivered the drum to the building. Unbeknownst to plaintiff and the other parties to the action, except Ward, the drums had actually been delivered to the building by Triangle, another trucking company, pursuant to a standing cartage agreement between Ward and Triangle. Although Ward and Triangle were independent companies with no common officers, shareholders, or employees, Ward relied exclusively on Triangle to make all of its deliveries in New York City, and the two companies had facilities at the same address in New Jersey. The two companies also sometimes shared trailers pursuant to an interchange agreement. Triangle had access to Ward's computer system for purposes of inputting delivery information, and Triangle used Ward's delivery receipts when making deliveries on Ward's behalf.

Pursuant to the cartage agreement, Triangle had Ward named

as an additional insured on a liability policy issued by New Jersey Manufacturers Insurance Company. In a November 2003 letter, plaintiff's attorneys advised Ward of plaintiff's claim and requested that Ward forward their letter to its attorney; instead, Ward forwarded the letter to Triangle with its own letter to Triangle, dated November 17, 2003, requesting that Triangle and its insurer contact plaintiff's attorneys and advise them of Triangle's "involvement" and Ward's "non-involvement."

On July 1, 2005, plaintiff served a set of discovery demands on all defendants, among which was a request for all incident-related insurance policies and "reports" made in the regular course of business. Ward responded on July 8, 2005, stating that the policies would "be provided" and that there were no such reports. In the latter regard, Ward argues that its letter was not a report made in the regular course of business because it did not deliver the drum. Ward also answered at least one discovery demand in a manner that was misleading in that it obscured Triangle's involvement in making the delivery of the drum that allegedly injured plaintiff.

In August 2005, November 2005, and March 2006, Supreme Court issued conference orders directing defendants to produce all outstanding requested documents, including insurance-related documents. However, Ward did not produce the policy under which it was being represented until December 2006. Furthermore, there is no evidence that the November 2003 letter from Ward to Triangle was produced prior to Ward's May 2007 deposition.

In June 2007, plaintiff served a second amended complaint asserting claims against Triangle. Because more than three years had passed since the incident, Triangle moved to dismiss the complaint as time-barred. Taconic cross-moved for, among other things, an order striking Ward's answer for its willful failure to timely disclose Triangle's involvement in the incident.

Supreme Court correctly granted Triangle's motion to dismiss the second amended complaint as time-barred. Because Ward did not exercise control over Triangle's delivery of the drums, and because Ward may have been independently negligent in its handling of the drums prior to transferring them to Triangle, the parties have differing defenses to plaintiff's claims, and therefore are not "united in interest" for purposes of the relation-back doctrine (*Raymond v Melohn Props., Inc.*, 47 AD3d 504, 505 [2008]; *Xavier v RY Mgt. Co., Inc.*, 45 AD3d 677, 679 [2007]).

The circumstances, including Ward's generally evasive responses to plaintiff's demands and close business relationship

with Triangle, compel a finding that Ward's unexplained delay in producing a copy of Triangle's New Jersey Manufacturers insurance policy in contravention of three court orders directing its production, and inadequately explained delay in producing its November 2003 letter to Triangle reporting plaintiff's claim, were a willful and contumacious withholding of disclosure until after the three-year statute of limitations had run, in an attempt to hide Triangle's involvement in the incident and shield Triangle from exposure to liability.

We have considered and rejected appellants' other arguments. Concur—Gonzalez, P.J., Friedman, McGuire, DeGrasse and Manzanet-Daniels, JJ.