◼ Eugene Travers et al., Appellants, v RCPI Landmark Properties, LLC, Respondent. [906 NYS2d 563]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (LaMarca, J.), dated May 29, 2009, as, upon so much of an order of the same court entered April 24, 2009, as granted those branches of the defendant's motion which were, in effect, for summary judgment dismissing their claims to recover damages for violation of Labor Law § 240 (1) and for common-law negligence, is in favor of the defendant and against them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff Eugene Travers (hereinafter the plaintiff) allegedly was injured when he was struck by an audio speaker that fell from a forklift while he was working as a stagehand at Radio City Music Hall. The plaintiff and his wife, suing derivatively, commenced this action against the defendant, the owner of the building. The Supreme Court granted the defendant's motion, inter alia, for summary judgment dismissing the plaintiff's claims to recover damages for violation of Labor Law § 240 (1) and for common-law negligence.

The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's claim for damages based upon a violation of Labor Law § 240 (1). The defendant met its initial burden of establishing, prima facie, that the plaintiff's accident did not occur while the plaintiff was engaged in any of the activities enumerated in Labor Law § 240 (1). At the time of the alleged injury, the plaintiff was moving speakers that had been lowered onto a stage by forklift. The plaintiff's job was to move the speakers to the appropriate locations on the stage. This activity is not covered by the statute (*see Holler v City of New York*, 38 AD3d 606, 607 [2007]).

In opposition to the defendant's prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). The plaintiff's contention that he was engaged in the erection of a temporary stage is unsupported by the evidence. Since the plaintiff's activity did not constitute erection, demolition, repairing, altering, painting, cleaning, or pointing of a building or structure, the plaintiff was not entitled to protection under the statute (*see Holler v City of New York*, 38 AD3d at 607; *Lioce v Theatre Row Studios*, 7 AD3d 493 [2004]; *Adair v Bestek Light. & Staging Corp.*, 298 AD2d 153 [2002]).

The Supreme Court also properly granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's claim for damages based upon common-law negligence on the ground that the defendant was an out-of-possession landlord who was not liable for the plaintiff's injuries. The defendant established, prima facie, that it was an out-of-possession landlord by submitting the lease which obligated the tenant to maintain the interior of the premises and make all necessary repairs. The defendant also submitted the deposition testimony of the assistant property manager at the time of the plaintiff's accident, which established that the de-

fendant was not involved in the daily operations, maintenance, or repair of the interior of the music hall. While the defendant retained a right to enter the premises, the plaintiff failed to raise a triable issue of fact in that he failed to demonstrate that his injuries were proximately caused by a defect which constituted a specific statutory violation. Thus, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the claim for damages based upon common-law negligence (*see Sanchez v Barnes & Noble, Inc.*, 59 AD3d 698 [2009]; *Brewster v Five Towns Health Care Realty Corp.*, 59 AD3d 483 [2009]; *Conte v Frelen Assoc., LLC*, 51 AD3d 620 [2008]). Rivera, J.P., Florio, Angiolillo and Austin, JJ., concur. **[Prior Case History: 2009 NY Slip Op 30951(U).]**