■ DENNIS A. PANICO, Appellant, v ADVANSTAR COMMUNICATIONS, INC., Defendants, and FREEMAN DECORATING SERVICES, INC., Respondent. [938 NYS2d 168]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, an electrician at the Jacob K. Javits Convention Center, allegedly was injured when he fell from a ladder while hanging a "Skanda" light on a ticket booth that had been erected for a motorcycle show. He commenced this action against, among others, Freeman Decorating Services, Inc. (hereinafter Freeman), as general contractor for the motorcycle show, asserting, inter alia, causes of action alleging violations of Labor Law § 240 (1) and § 241 (6). Upon completion of discovery, Freeman moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff cross-moved for summary judgment on the issue of liability against Freeman on the causes of action alleging a violation of Labor Law § 240 (1) and § 241 (6). The Supreme Court denied the plaintiff's cross motion, and granted Freeman's motion for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court properly granted that branch of Freeman's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it. "While the reach of [Labor Law § ] 240 (1) is not limited to work performed on actual construction sites . . . , the task in which an injured employee was engaged must have been performed during 'the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure' " (*Martinez v City of New York*, 93 NY2d 322, 326 [1999], quoting Labor Law § 240 [1]; *see Holler v City*

*of New York*, 38 AD3d 606, 607 [2007]). " '[A]ltering' within the meaning of Labor Law § 240 (1) requires making a *significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow*, 91 NY2d 457, 465 [1998]; *see LaGiudice v Sleepy's Inc.*, 67 AD3d 969, 971 [2009]; *Holler v City of New York*, 38 AD3d at 607). "Where the work does not involve a significant or permanent physical change, dismissal of a Labor Law § 240 (1) [claim] is appropriate" (*Holler v City of New York*, 38 AD3d at 607; *see Kretzschmar v New York State Urban Dev. Corp.*, 13 AD3d 270 [2004]).

Here, Freeman established its prima facie entitlement to judgment as a matter of law by submitting evidence that the work being performed at the time of the accident, hanging a "Skanda" light on a ticket booth, involved no *"significant* physical change to the configuration or composition of the . . . structure" (*Joblon v Solow*, 91 NY2d at 465; *see Holler v City of New York*, 381 AD3d at 607; *Rodriguez v 1-10 Indus. Assoc., LLC*, 30 AD3d 576, 577 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of Freeman's motion which was for summary judgment dismissing the plaintiff's cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it. In opposition to Freeman's prima facie showing that the accident did not arise from construction, excavation, or demolition work (*see* Labor Law § 241 [6]; *Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *Jock v Fien*, 80 NY2d 965, 968 [1992]; *Rodriguez v 1-10 Indus. Assoc., LLC*, 30 AD3d at 577), the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Eng, Austin and Miller, JJ., concur.