Zachary Royce et al., Appellants, v DIG EH Hotels, LLC, Doing Business as The Essex House, et al., Respondents. DIG EH Hotels, LLC, Conducting Business as The Essex House, Third-Party Plaintiff, v Imagination Group, Ltd., Third-Party Defendant-Respondent. The Imagination Group, Ltd., Sued Herein as Imagination Group, Ltd., Fourth-Party Plaintiff, v PLS Staging, Fourth-Party Defendant-Respondent. (And a Second Third-Party Action.) [33 NYS3d 172]—

---

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered April 3, 2014, which, insofar as appealed from as limited by the briefs, granted defendants', third-party defendant's, and fourth-party defendant's motions for summary judgment dismissing the Labor Law § 240 (1) and loss of consortium claims, and denied plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) claim and for leave to amend the complaint to add Imagination Group as a defendant, unanimously affirmed, without costs.

While the work that the injured plaintiff was doing immediately before his accident should not be viewed in isolation in determining whether he has a potentially viable claim under Labor Law § 240 (1) (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 882 [2003]), the motion court correctly found that the his work was outside the scope of activity protected by that statute. Plaintiff, a lighting engineer, fell off a ladder while attempting to replace a gel that altered the color of one light on a temporary lighting stand secured to the floor by sandbags. The work performed by plaintiff and his employer entailed moving audiovisual, staging and lighting equipment into a hotel ballroom, assembling, setting up, and positioning the equipment as necessary for its use in an event, and removing it after the event ended. There is no evidence that any of this work "altered" or caused a substantial, or indeed any, physical change to the building (*compare Munoz v DJZ Realty, LLC*, 5 NY3d 747 [2005] [Labor Law § 240 (1) claim dismissed where plaintiff's application of a new ad to a billboard changed the billboard's appearance but not its structure], *with Saint v Syracuse Supply Co.*, 25 NY3d 117 [2015] [Labor Law § 240 (1) claim reinstated where plaintiff's removal and installation of a billboard ad required him to attach extensions that changed the dimensions of the billboard frame]; *see also Joblon v Solow*, 91 NY2d 457, 465 [1998] [" 'altering' within the meaning of Labor Law § 240 (1) requires making a *significant* physical change to the configuration or composition of the building or structure"]; *Panico v Advanstar Communications, Inc.*, 92 AD3d 656 [2d Dept 2012] [dismissing Labor Law § 240 (1) claim by a plaintiff who fell from a ladder while hanging a light on a ticket booth erected for a convention center show, where there was no significant physical change to the building or structure], *lv denied* 19 NY3d 806 [2012]; *Adair v Bestek Light. & Staging Corp.*, 298 AD2d 153 [1st Dept 2002]).

The court properly denied plaintiff's motion for leave to

amend the complaint to add Imagination Group as a defendant pursuant to the relation-back doctrine (*see Buran v Coupal*, 87 NY2d 173, 178 [1995]; *Garcia v New York-Presbyt. Hosp.*, 114 AD3d 615 [1st Dept 2014]). Plaintiff failed to establish that Imagination Group and defendant are united in interest, since the two entities would have different defenses to the Labor Law § 200 and common-law negligence claims (*see Raymond v Melohn Props., Inc.*, 47 AD3d 504, 505 [1st Dept 2008]). Nor did plaintiff establish that Imagination Group knew or should have known that it too would have been sued but for a mistake on plaintiff's part as to the identity of the proper parties (*see Buran*, 87 NY2d at 178). Plaintiff was aware of Imagination Group's involvement in this action long before the statute of limitations expired, and yet failed to join it as a defendant within the limitations period.

In view of the dismissal of the Labor Law § 240 (1) claim and the abandonment of the other substantive claims, the loss of consortium claim must also be dismissed. Concur—Tom, J.P., Friedman, Andrias, Gische and Kapnick, JJ. 