Bossung v Rebaco Realty Holding Co., N.V. (2019 NY Slip Op 01188)





Bossung v Rebaco Realty Holding Co., N.V.


2019 NY Slip Op 01188


Decided on February 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2019

Richter, J.P., Manzanet-Daniels, Kapnick, Gesmer, Oing, JJ.


8442N 162142/15

[*1] Brett Bossung, etc., et al., Plaintiffs-Appellants,
v
Rebaco Realty Holding Company, N.., et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants.
Law offices of Arnold Stream, New York (Arnold Stream of counsel), for respondents.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered May 25, 2017, which denied plaintiffs' motion pursuant to CPLR 3025(b) to amend the complaint to add The Board of the Walton Condominium as a defendant, unanimously affirmed, without costs.
Although plaintiffs sought leave to amend the complaint before the applicable statute of limitations had expired, their motion did not toll the statute, because they failed to annex the supplemental summons to their papers (see Karagiannis v North Shore Long Is. Jewish Health Sys., Inc., 80 AD3d 569, 569 [2d Dept 2011]). Nor did plaintiffs establish that their proposed amended complaint relates back to the date of service of the original complaint (see CPLR 203[b]; Raymond v Melohn Props., Inc., 47 AD3d 504, 504-505 [1st Dept 2008]). The record is devoid of any evidence that defendant Gumley-Haft LLC, the manager of the building in which the incident occurred, and the Board, which owns the building, are vicariously liable for one another's acts (see Xavier v RY Mgt. Co., Inc., 45 AD3d 677, 679 [2d Dept 2007]) or that their defenses to the action would be the same, particularly because Gumley-Hart's defense that it was not the property owner and lacked exclusive control of the premises at the time of the incident is not available to the Board (see Mangual v U.S.A. Realty Corp., 63 AD3d 493 [1st Dept 2009]). That the Board agreed to name Gumley-Hart as an additional insured under its policy does not establish that the two entities are united in interest for the purposes of the relation back doctrine (see generally Cahn v Ward Trucking, Inc., 68 AD3d 491 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 19, 2019
CLERK