McCarthy v City of New York (2019 NY Slip Op 05121)





McCarthy v City of New York


2019 NY Slip Op 05121


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-00942
 (Index No. 62071/15)

[*1]Kevin McCarthy, et al., respondents,
v
City of New York, et al., appellants.


Melcer Newman PLLC, New York, NY (Jon E. Newman and Katina Despas-Barous of counsel), for appellants.
Meagher & Meagher, P.C., White Plains, NY (Christina M. Killerlane of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated December 18, 2017. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) is granted.
On September 9, 2014, the plaintiff Kevin McCarthy allegedly was injured when he fell from the ledge of the domestic broadcast booth at the defendant USTA Billie Jean King National Tennis Center's Arthur Ashe Stadium. McCarthy, who was a stagehand working as a lighting director at the 2014 U.S. Open, allegedly was removing a C-clamp that had been used to secure lighting scrim to the exterior of the broadcast booth.
McCarthy, and his wife suing derivatively, commenced this action, alleging, inter alia, a violation of Labor Law § 240(1). The defendants moved for summary judgment dismissing the complaint. By order dated December 18, 2017, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). The defendants appeal from so much of the order as denied that branch of their motion.
"Labor Law § 240(1) imposes a nondelegable duty . . . to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Carlton v City of New York, 161 AD3d 930, 931 [internal quotation marks omitted]). "To prevail on a cause of action under Labor Law § 240(1), a plaintiff must establish, among other things, that he or she was injured during the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652-653 [internal quotation marks omitted]; see Goodwin v Dix Hills Jewish Ctr., 144 AD3d 744, 745-746). The purpose of Labor Law [*2]§ 240(1) is the protection of workers from injury, and the statute " is to be construed as liberally as may be for the accomplishment of [that] purpose'" (Saint v Syracuse Supply Co., 25 NY3d 117, 124 quoting Panek v County of Albany, 99 NY2d 452, 457 [internal quotation marks omitted]; see Goodwin v Dix Hills Jewish Ctr., 144 AD3d at 746). Nevertheless, "the statutory language must not be strained in order to encompass what the Legislature did not intend to include" (Martinez v City of New York, 93 NY2d 322, 326 [internal quotation marks omitted]).
" [A]ltering,' within the meaning of Labor Law § 240(1) requires making a significant physical change to the configuration or composition of the building or structure" (Joblon v Solow, 91 NY2d 457, 465). "Whether a physical change is significant depends on its effect on the physical structure" (Saint v Syracuse Supply Co., 25 NY3d at 125). The physical change does not need to be permanent in order to qualify as an alteration under the statute (see id. at 127-128; Mananghaya v Bronx-Lebanon Hosp. Ctr., 165 AD3d 117, 124; Destefano v City of New York, 39 AD3d 581, 582).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1), through the submission of, inter alia, a transcript of McCarthy's deposition testimony, which demonstrated that the work McCarthy was performing did not constitute "altering" within the meaning of the statute. McCarthy testified that his work consisted of, inter alia, bringing in and removing portable lighting equipment. McCarthy testified that one of his coworkers had attached the scrim, which is a "double-weave fabric" that is used to equalize lighting levels during filming, to the exterior of the domestic broadcast booth using C-clamps, which are screw-based clamps, and rope. McCarthy testified that on the day of the accident, he walked along the ledge outside of the broadcast booth, cut the rope holding the scrim, removed the scrim, and placed those items in the hallway. He testified that he went back out on the ledge to retrieve three C-clamps, which were screwed into the roof, and fell backwards onto the stadium below. McCarthy's work of bringing in and removing portable lighting equipment did not constitute altering of any building or structure (see Saint v Syracuse Supply Co., 25 NY3d at 126; Munoz v DJZ Realty, LLC., 5 NY3d 747, 748; Royce v DIG EH Hotels, LLC, 139 AD3d 567, 568; Panico v Advanstar Communications, Inc., 92 AD3d 656, 657, 658). Further, under these circumstances, the placement of a lighting scrim, secured to the exterior of the broadcast booth with screw-based C-clamps, involved no significant physical change to a structure (see Saint v Syracuse Supply Co., 25 NY3d at 125; Lannon v 356 W. 44th St. Rest., Inc., 136 AD3d 528, 528-529; Panico v Advanstar Communications, Inc., 92 AD3d at 658; Zolfaghari v Hughes Network Sys., LLC, 99 AD3d 1234, 1235). In opposition to this prima facie showing by the defendants, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court