Yousuf v Horace Plaza, LLC (2023 NY Slip Op 04492)

Yousuf v Horace Plaza, LLC

2023 NY Slip Op 04492

Decided on September 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 07, 2023

Before: Renwick, P.J., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 153418/20 Appeal No. 523 Case No. 2023-00055 

[*1]Abu Yousuf, Plaintiff-Appellant,
v
Horace Plaza, LLC, et al., Defendants-Respondents.

Hill & Moin LLP, New York (Cheryl R. Eisberg Moin of counsel), for appellant.
Law Offices of Kevin P. Westerman, Garden City (Gregory J. Perrotta of counsel), for respondents.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered December 2, 2022, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for summary judgment on his claims, unanimously modified, on the law, to reinstate plaintiff's common-law negligence claim, and otherwise affirmed, without costs.
Plaintiff fell from a ladder while replacing two ceiling tiles in the Dunkin' Donuts store where he was employed as a manager. Plaintiff presented evidence that the tiles were damaged by recurring leaks in the roof of the building, which is owned and managed by defendants. Plaintiff asserts causes of action against defendants pursuant to Labor Law §§ 200, 240(1), and 241(6), and common-law negligence.
Labor Law § 241(6) applies only to a narrow class of protected workers engaged in "constructing or demolishing buildings in areas in which construction, excavation or demolition work is being performed" (Acosta v Banco Popular, 308 AD2d 48, 50 [1st Dept 2003] [internal quotation marks and ellipsis omitted]). Since no construction, excavation, or demolition was ongoing at the time of plaintiff's accident, he is not protected by that statute. The Labor Law § 240(1) claim was properly dismissed because plaintiff's work as a store manager did not involve performing "construction, alteration, demolition, or similar labor," and "the company he worked for did not regularly undertake enumerated duties under the Labor Law" (DeJesus v 935 Bronx Riv. Ave., LLC, 213 AD3d 552, 552 [1st Dept 2023]; see Coombs v Izzo Gen. Contr., Inc., 49 AD3d 468, 468-469 [1st Dept 2008]; Cullen v Uptown Stor. Co., 268 AD2d 327, 327 [1st Dept 2000] [replacement of ceiling tiles was routine maintenance]; cf. Hamill v Mutual of Am. Inv. Corp., 79 AD3d 478 [1st Dept 2010]).
The Labor Law § 200 claim arises from the method of work, involving an inadequate ladder, but defendants exercised no supervisory control over the work, and therefore no liability attaches under Labor Law § 200 (Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]).
As for plaintiff's common-law negligence claim, the record raises triable issues of fact as to whether defendants had actual or constructive notice of an unsafe ceiling leak and whether the leak proximately caused plaintiff's injury. Plaintiff alleged that the leak created a slippery condition on the ladder. As neither defendants nor plaintiff established prima facie entitlement to judgment as a matter of law on the common-law negligence claim, this cause of action is reinstated to be tried (see e.g. Griffith v 505 W. 142nd St. Hous. Dev. Fund Corp., 269 AD2d 237, 237 [1st Dept 2000] [affirming denial of summary judgment where there were issues of fact as to whether the ceiling was leaky, whether the defendant owner had notice of the leaks prior to the injury the tenant's employee sustained, and if so, whether the defendant had an obligation to repair the ceiling]; Dance Magic[*2], Inc. v Pike Realty, Inc., 85 AD3d 1083, 1089 [2d Dept 2011] [summary judgment was not appropriate where a triable issue of fact existed as to whether the defendants breached their duty to plaintiff by failing to remedy chronic leaks]; see also Robinson v 211-11 N., LLC, 46 AD3d 657, 658 [2d Dept 2007] [reversing grant of judgment of dismissal as a matter of law where the plaintiff, the employee of a commercial tenant, initially made out a prima facie case of negligence regarding a leaky condition against the building's owner]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 7, 2023