Andino v Wizards Studios N. Inc. (2024 NY Slip Op 00220)

Andino v Wizards Studios N. Inc.

2024 NY Slip Op 00220

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Kern, J.P., Friedman, González, Shulman, JJ. 

Index No. 161437/18 Appeal No. 1476 Case No. 2022-05029 

[*1]Rene Andino, Plaintiff-Respondent-Appellant,
v
Wizards Studios North Inc., et al., Defendants-Respondents-Appellants, The City Of New York, et al., Defendants-Respondents, Diffusion Entertainment Studios LLC, Defendants. Wizards Studios North Inc., et al., Third Party Plaintiffs- Respondents- Appellants,

Marshall Conway Bradley Gollub & Weissman, P.C., New York (Debbie-Ann Morley of counsel), for appellant.
Hach & Rose, LLP, New York (George W. Ilchert of counsel), for Rene Andino, respondent-appellant.
Tyson & Mendes, LLP, New York (Faizan T. Habeeb of counsel), for Wizards Studios North Inc., AT&T Mobility Services LLC and Mosaic Sales Solutions US Operating Co., respondents-appellants.
Cartafalsa, Turpin & Lenoff, New York (Louis A. Carotenuto of counsel), for municipal respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered October 5, 2022, which, insofar as appealed from, denied KM Productions NY Inc.'s motion for summary judgment dismissing all third-party common-law claims against it, denied plaintiff's motion for partial summary judgment on her claims pursuant to Labor Law §§ 240(1), and 241(6) against defendants AT&T Mobility Service, Inc., Wizards Studios North, Inc., Mosaic Sales Studios US Operating Cp., and partial summary judgment on her Labor Law § 200 claim against Wizard and Mosaic, and granted defendants Wizard, Mosaic, AT&T, and City of New York's motion to the extent of dismissing plaintiff's claims pursuant to Labor Law §§ 240(1) and 241(6), unanimously modified, on the law, to grant Wizard and Mosiac summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.
The motion court correctly found that plaintiff, a stagehand who was affixing decorative banners to a previously erected structure, was not engaged in work that triggered the protections of Labor Law §§ 240(1) or 241(6) (see Adair v Bestek Light. & Staging Corp., 298 AD2d 153, 153 [1st Dept 2002]; Perchinsky v State of New York, 232 AD2d 34, 37-38 [3d Dept 1997], lv denied 93 NY2d 812 [1998]; see also Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520 [1985]; Royce v Dig EH Hotels, LLC, 139 AD3d 567, 568 [1st Dept 2016]; Allen v City of New York, 89 AD3d 406 [1st Dept 2011]). The court should also have dismissed plaintiff's common-law and Labor Law § 200 claims since there is no evidence that Wizard or Mosaic actually exercised control over the means and methods of plaintiff's work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877-878 [1993]; McLean v Tishman Constr. Corp., 144 AD3d 534, 535-536 [1st Dept 2016]; Bisram v Long Is. Jewish Hosp., 116 AD3d 475, 477 [1st Dept 2014]).
The foregoing determinations render KM's appeal academic since plaintiff's complaint is being dismissed in its entirety.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024