Harnisch v City of New York (2025 NY Slip Op 01574)

Harnisch v City of New York

2025 NY Slip Op 01574

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Webber, J.P., Friedman, González, Scarpulla, Michael, JJ. 

Index No. 26860/18|Appeal No. 3912|Case No. 2024-00894|

[*1]Edward Harnisch, Plaintiff-Respondent-Appellant,
v
City of New York et al., Defendants-Respondents, CSX Transportation, Inc. et al., Defendants-Appellants-Respondents.

Cullen and Dykman LLP, New York (Michael E. Joseph of counsel), for appellants-respondents.
Wingate, Russoti, Shapiro, Moses & Halperin, LLP, New York (Carmine Goncalves of counsel), for respondent-appellant.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered February 8, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law §§ 240(1), 241(6), 200, and common-law negligence causes of action against defendants CSX Transportation, Inc. and EIB Riverdale Crossing LLC, and granted in part and denied in part the motion of CSX and EIB for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to grant CSX's and EIB's motion for summary judgment dismissing the complaint as against them, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiff's work replacing a billboard advertisement without changing the structure of the billboard was "more akin to cosmetic maintenance or decorative modification than to altering for the purposes of Labor Law § 240(1)" (Munoz v DJZ Realty, LLC, 5 NY3d 747, 748 [2005]; cf. Saint v Syracuse Supply Co., 25 NY3d 117, 126 [2015]). Thus, he was not "effect[ing] a significant physical change to the configuration or composition" of the billboard (Castaneda v Amsterco 67, LLC, 220 AD3d 406, 406 [1st Dept 2023]; see also Maes v 408 W. 39 LLC, 24 AD3d 298, 300 [1st Dept 2005], lv denied 7 NY3d 716 [2006]). Although plaintiff testified that he was also inspecting the billboard for possible future upkeep and repair work, that inspection was not done during any ongoing construction project but was "merely investigatory" (Martinez v City of New York, 93 NY2d 322, 326 [1999]; see also Beehner v Eckerd Corp., 3 NY3d 751, 752 [2004]). Accordingly, plaintiff's work does not qualify for protection under Labor Law § 240(1).
Similarly, because "no construction, excavation, or demolition was ongoing at the time of plaintiff's accident," plaintiff's Labor Law § 241(6) claim is not viable (Yousuf v Horace Plaza, LLC, 219 AD3d 1185, 1186 [1st Dept 2023]; see also Yun Kai Li v Pho Viet Huong Rest., 291 AD2d 280, 280-281 [1st Dept 2002]).
Finally, plaintiff's Labor Law § 200 and common negligence claims against CSX and EIB, the owners of the property on which the billboard was located, should have been dismissed. Plaintiff's claim "arises from the method of work, involving an inadequate ladder," but CSX and EIB neither supplied the ladder nor exercised supervisory control over the work, therefore, no liability attaches under Labor Law § 200 or common law negligence (Yousuf, 219 AD3d at 1186; see also Breslin v Macy's, Inc., 211 AD3d 569, 569-570 [1st Dept 2022]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025