## Tejada v Boro Park Kosher Caterers LLC

2025 NY Slip Op 31597(U)

April 30, 2025

Supreme Court, Kings County

Docket Number: Index No. 505845/2019

Judge: Sharon A. Bourne-Clarke

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At **DEFAULT JUDGMENT MOTION PART** of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 320 Jay Street, Borough of Brooklyn, City and State of New York, on the 30th of April, 2025

**PRESENT: HON. SHARON A. BOURNE-CLARKE**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: DJMP

---

MANOLIN PUJOLS TEJADA,

                    Plaintiff,

       -against-

BORO PARK KOSHER CATERERS LLC, J &S SIMCHA INC, THE PALACE HALL, ENTERPRISE BLEACHERS INC. and FRIENDS OF MOSDOT GOOR, INC.

                  Defendants.

**DECISION AND ORDER**

Index No. 505845/2019

---

The following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | NYSCEF Doc. Nos. |
|---|---|
| Notice of Motion – Motion Sequence # 9 | No(s). 260-280 |
| Opposition | 284-289 |
| Notice of Motion – Motion Sequence # 10 | No(s). 291-315 |
| Opposition to Motion | 316-320 |
| Affirmation in Reply | 323 |

These matters before the Court are a Motion to Reargue this Court's Decision and Order filed by Boro Park Kosher Caterers, LLC, J & S Simcha, Inc. and the Palace Hall, dated January 17, 2024 and a Motion to Grant Plaintiff Leave to Renew this Court's Decision and Order filed by the plaintiff, Manolin Pujols Tejada, dated April 10, 2024.

**Background**

The instant cause of action arises from injuries sustained by Mr. Tejada when as an employee of Prime Electrical Corp., he fell from a scaffolding-bleacher structure within the premises in preparation for an event. The incident occurred on January 21, 2019. The defendant, J&S Simcha, Inc, is the property owner of the location of the banquet hall where the accident occurred. Co-defendant Boro Park Kosher Caterers, LLC is the operator of the Palace Banquet and Wedding Hall. Finally, the co-defendant, Friends of Mosdot Goor, Inc., is the contracting party with co-defendant Boro Park Kosher Caterers, LLC. Per the facts, the

1

work in which the Mr. Tejada was employed involved: (1) removing chandeliers in preparation for an event to be hosted at the venue and for the chandeliers to be placed back after the end of the event and (2) installing LED lighting. While removing chandeliers at the direction of his supervisors, Mr. Tejada fell and suffered injuries while allegedly standing on a set of bleachers-scaffolding that was brought in for the event.

Mr. Tejada commenced the instant action by filing of the Summons and Complaints on March 18, 2019. Mr. Tejada moved for partial summary judgment on the issue of liability under Labor Law §240(1) and §241(6) claims premised on a violation of Industrial Code §23-1.5(c)(3) and §23-5.1(c), (e), (j) & (h) on January 19, 2023. The defendants, Boro Park Kosher Caterers, LLC, J & S Simcha, Inc. and the Palace Hall moved for summary judgment dismissing plaintiff's complaint, amended complaint, 2nd, 3rd and 4th amended complaint and all direct claims asserted by plaintiff and all crossclaims by co-defendants against them under on April 26, 2023.

This Court, in its Decision and Order dated November 29, 2023, granted partial summary judgment to the defendants, Boro Park Kosher Caterers, LLC, J & S Simcha, Inc. and the Palace Hall, finding that Mr. Tejada was not involved in any of the enumerated activities that are protected under Labor Law §240(1) and 241(6). The Court, in its Decision and Order found that "Section §240(1) of the Labor Law requires all contractors and property owners and their agents: 'in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure [to] furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.'" *Martinez v. City of New York,* 93 N.Y.2d 322, at 325 (1999). Further, "While the reach of N.Y. Labor Law § 240(1) is not limited to work performed on actual construction sites, the task in which an injured employee was engaged must have been performed during the erection, demolition, repairing, altering, painting, cleaning, or pointing of a building or structure." *Id.,* at 324.

Mr. Tejada's employer was contracted to remove and reinstall chandeliers for an event. The Court found that the removal and reinstallation of the chandeliers for the event does not constitute an activity that would be considered an erection, demolition, repairing painting, or cleaning within the meaning of the statute. "Alteration" within the meaning of Labor Law § 240(1) requires "making a significant physical change to the configuration or composition of the building or structure." "Where the work does not involve a significant or permanent physical change, dismissal of a Labor Law § 240(1) cause of action is appropriate." *Holler v. City of New York,* 38 A.D.3d 606, at 606 (2007).

As such, the Court found that removing and reinstalling the chandeliers did not involve a significant or permanent physical change as there was nothing to suggest that Mr. Tejada was involved in altering any of the electrical systems, junction boxes or wiring in the building that would constitute a significant physical alteration to the existing infrastructure of the building.

2

[* 2]

Further, the court granted summary judgment to the defendants, Boro Park Kosher Caterers, LLC, J & S Simcha, Inc. and the Palace Hall and dismissed Mr. Tejada's claims pursuant to Labor Law § 241(6) again determining that the work performed by Mr. Tejada was not one of the enumerated activities under the statute. The Court however did not address the branch of the defendant's motion for summary judgment and dismiss Mr. Tejada's claims under Labor Law § 200. That statute is a codification of the common-law duty of an "owner or general contractor to provide workers with a safe place to work." *Ortega v. Puccia,* 57 A.D.3d 54 (2008).

The defendants, Boro Park Kosher Caterers, LLC, J & S Simcha, Inc., filed the instant Motion to Reargue on January 17, 2024. Mr. Tejada filed the instant Motion to Grant Plaintiff Leave to Renew this Court's Decision and Order on April 10, 2024.

## Analysis

CPLR § 221(e) states that a motion to renew or reargue a Court's prior Decision and Order shall be "based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination."

A movant for summary judgment motion pursuant to CPLR § 3212 must "tender sufficient evidence to eliminate any material issues of fact from the case and show entitlement to judgment as a matter of law." *Zuckerman v. City of New York*, 49 N.Y.2d 557, 562 (1980); *Napolitano v. Suffolk County Dep't of Pub. Works*, 65 A.D.3d 676 (2d Dep't 2009). "Once the moving party has made prima facie showing of entitlement of summary prejudgment, the burden of production shifts to the opponent, who must produce sufficient evidence in admissible form to establish the existence of a triable issue of fact." See *Id.* "Only a genuine and material issue raised by evidentiary facts will suffice to defeat a properly made and supported summary judgment motion." *Andre v. Pomeroy,* 35 N.Y.2d 361 (1974).

The Court reviewed the applicable statutes in its prior Decision and Order. "Section §240(1) of the Labor Law requires all contractors and property owners and their agents: 'in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure [to] furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.' *Martinez v. City of New York*, 93 N.Y.2d 322, at 325 (1999). "While the reach of N.Y. Labor Law § 240(1) is not limited to work performed on actual construction sites, the task in which an injured employee was engaged must have been performed during the erection, demolition, repairing, altering, painting, cleaning, or pointing of a building or structure." *Id.,* at 324. Further, "Altering' within the meaning of Labor Law § 240(1) requires making a significant physical change to the configuration or composition of the building or structure. Where the work does not involve a

3

[* 3]

significant or permanent physical change, dismissal of a Labor Law § 240(1) cause of action is appropriate." *Holler v. City of New York,* 38 A.D.3d 606, at 606 (2007).

Further, Section 241 (6) of the Labor Law, entitled "Construction, excavation and demolition work," provides:

> "All contractors and owners and their agents, … when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements: …

> "6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." *Nagel v. D & R Realty Corp.,* 99 N.Y.2d 98, at 100 (2002).

In support of their motion, plaintiff has proffered to the Court a Construction Punch List for the location of the accident at 780 McDonald Avenue, Brooklyn, New York, dated January 19, 2019. Contain therein is a list of detailed work assigned to each contractor hired to perform tasks ahead of the planned event. Per the Punch List, Prime Electric was to perform removal of perimeter ceiling chandeliers amongst other tasks. However, the work listed does not meet the criteria as outlined in the statute to be alteration that involves a "significant" or permanent physical change. Further, the invoice proffered by the moving defendants indicates that the contracted work involved hanging temporary lights, changing bulbs and removing chandeliers. The work is consistent with previous evidence submitted to court to suggest the work involved was not a major alteration within the meaning of the Labor Law statutes. As such, the Court hereby **DENIES** plaintiff Manolin Pulos Tejada's Motion to Renew this Court's pursuant to CPLR § 2221(e).

As to the defendants Boro Park Kosher Caterers, LLC, J & S Simcha, Inc. and the Palace Hall's Motion to Reargue this Court's Decision and Order pursuant to CPLR § 2221, the Court hereby **DENIES** the defendants' application. The Court failed to previously address the branch of the motion that sought summary judgment of the plaintiff's Labor Law § 200 claims in favor of the movants and will do so in this Decision and Order. Labor Law § 200 is "a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work." *Ortega v Puccia,* 57 AD3d 54, 60 (2d Dept 2008). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed." *Id.,* at 12. In the instant motion, the defendants failed to substantiate an entitlement to summary judgment by demonstrating to this Court that there are no genuine issues of facts. The Court finds that the circumstances surrounding the accident and ultimately who is liable under Labor Law § 200 be determined by a trier of facts. As such, the branch of defendants Boro Park Kosher Caterers,

4

[* 4]

INDEX NO. 505845/2019

RECEIVED NYSCEF: 05/01/2025

LLC, J & S Simcha, Inc's Motion for Summary Judgment under Labor Law § 200 and Motion to Reargue pursuant to CPRL § 2221 are hereby **DENIED.**

It is:

**ORDERED** that plaintiff Manolin Pulos Tejada's Motion to Renew this Court's pursuant to CPLR § 2221(e) is **DENIED.**

**ORDERED** that the branch of defendants Boro Park Kosher Caterers, LLC, J & S Simcha, Inc's Motion for Summary Judgment under Labor Law § 200 is **DENIED.**

**ORDERED** that defendants Boro Park Kosher Caterers, LLC, J & S Simcha, Inc's Motion to Reargue pursuant CPLR § 2221 is **DENIED.**

**This constitutes the Decision and Order of the Court.**

Dated: April 30, 2025

**E N T E R :**

_____

HON. SHARON A. BOURNE-CLARKE, J.S.C.

5